IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PAT L. WOODSIDE, )
                Plaintiff, )
)
v. ) No. 04-0919-CV-W-DW-SSA
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
                Defendant. )

**ORDER**

Pat Woodside seeks judicial review of the denial of her request for disability and disability insurance benefits. See 42 U.S.C. § 401-434. Plaintiff has exhausted all administrative remedies and therefore judicial review is now appropriate. 42 U.S.C. § 405(g). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2005); 42 U.S.C. § 405(g). Substantial evidence "is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993). The Court does not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). And when it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision. Oberst, 2 F.3d at 250.

The complete facts and arguments are presented in the parties' briefs and are repeated here only in part. Woodside asserts that the ALJ committed two errors in his determination, specifically

1

that the ALJ erred by: (1) not properly assessing Plaintiff's credibility; and (2) concluding that Plaintiff could perform her past work as a tax examiner. Plaintiff's allegations of error are addressed in turn.

    1.    <u>Credibility</u>

In his decision, the ALJ found that the objective evidence did not support a finding of disability to the degree alleged by Woodside. (R. 26.) The credibility of subjective testimony is primarily for the Commissioner to decide. <u>See</u> <u>Benskin v. Bowen</u>, 830 F.2d 878, 882 (8th Cir. 1987). In doing so, the ALJ must give full consideration to all evidence relating to a claimant's subjective complaints including: prior work record; observations by third parties and physicians; activities; duration, frequency and intensity of pain; precipitating and aggravating factors; medication; and functional restrictions—the so-called <u>Polaski</u> factors. <u>See</u> <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not discuss each <u>Polaski</u> factor methodically, as long as the factors are acknowledged and considered. <u>See</u> <u>Brown v. Chater</u>, 87 F.3d 963, 966 (8th Cir. 1996). Where the record discloses inconsistencies between the subjective complaints and the objective evidence, an ALJ is permitted discount the weight afforded to the claimant's subjective complaints. <u>Polaski</u>, 739 F.2d at 1322. Finally, "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, [the reviewing court] will normally defer to that judgment." <u>Dixon v. Sullivan</u>, 905 F.2d 237, 238 (8th Cir. 1990).

In his written opinion, the ALJ discussed the evidence in the record related to each <u>Polaski</u> factor, and specifically addressed inconsistencies between the symptoms alleged by Plaintiff and the objective medical evidence contained in the record. Upon review, the Court finds that the ALJ adequately considered the <u>Polaski</u> factors in concluding that Plaintiff's subjective complaints were

2

inconsistent with the record as a whole. Furthermore, the ALJ's credibility finding was supported by the evidence he considered during his Polaski analysis. Accordingly, the ALJ committed no error with regard to consideration of Plaintiff's subjective complaints.

    2.    Past Relevant Work

Plaintiff argues that the ALJ erred in finding she could perform her past relevant work as a tax examiner. The Court disagrees. The ALJ's finding is consistent with Plaintiff's credible impairments and limitations. Furthermore, the ALJ's finding is consistent with the exertional and skill requirements the vocational expert stated that the job of tax examiner required. Although the hypothetical question to the vocational expert did not include all the limitations alleged by Plaintiff, it did include those impairments and limitations the ALJ found credible. No more is required. See Pertuis v. Apfel, 152 F.3d 1006, 1007 (8th Cir. 1998). Accordingly, the Court finds that the ALJ's finding is supported by substantial evidence on the record as a whole.

Conclusion

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and documentary evidence—the Court concludes that the ALJ's final determination is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's applications for benefits is AFFIRMED.

IT IS SO ORDERED.

    /s/ DEAN WHIPPLE
    Dean Whipple
    United States District Court

Date: December 22, 2005